FILED

12 JUN -8 AM 10: 14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                     DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN TERENCE PONCE,<br>CDCR #V-43529,<br><br>                            Plaintiff,<br><br><br>vs.<br><br><br>ADELITO M. GALE; MARILYN<br>BROOKS; L. WEBB-STUART;<br>M. FRAZE; SAMUEL KO;<br>DR. A. SANGHA,<br><br>                            Defendants. | Civil No.   12cv1086 BEN (RBB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO<br>PROCEED *IN FORMA PAUPERIS*,<br>IMPOSING NO INITIAL PARTIAL<br>FILING FEE, GARNISHING $350<br>FROM PRISONER'S TRUST<br>ACCOUNT [ECF No. 2];**<br><br>**(2) DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL<br>[ECF No. 3]; and**<br><br>**(3)  SUA SPONTE DISMISSING<br>COMPLAINT FOR FAILING<br>TO STATE A CLAIM<br>PURSUANT TO 28 U.S.C.<br>§§ 1915(e)(2) & 1915A(b)** |

Roman Terence Ponce ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion to Appoint Counsel [ECF No. 3].

# I.

## MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1) & (4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [ECF No. 2] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Plaintiff's trust account currently indicates that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (court shall

1   assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event

2   shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has

3   no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850

4   (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

5   IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when

6   payment is ordered"). However, Plaintiff is required to pay the full $350 filing fee mandated by

7   28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust

8   account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

9                                               **II.**

10                   **MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3]**

11          Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil

12   action. The Constitution provides no right to appointment of counsel in a civil case, however,

13   unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept.*

14   *of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district

15   courts are granted discretion to appoint counsel for indigent persons. This discretion may be

16   exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

17   Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the

18   'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se

19   in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and

20   both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*,

21   789 F.2d 1328, 1331 (9th Cir. 1986)).

22          While the Court finds that Plaintiff is able to articulate his claims, the Court also finds

23   that at this stage of the proceeding he is unlikely to find success on the merits of his claims.

24   Thus, the Court denies Plaintiff's request without prejudice, as neither the interests of justice nor

25   exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827

26   F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

27   / / /

28   / / /

## III.

### SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2) & 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

1   Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
2   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
3   the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
4   United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*
5   *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d
6   1350, 1354 (9th Cir. 1985) (en banc).

7   **A.      Statute of Limitations**

8   Plaintiff alleges that some of the Defendants violated his constitutional rights in 2007 and
9   2008. (*See* Compl. at 4-5.)  Where the running of the statute of limitations is apparent on the
10  face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of*
11  *San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).  Because section 1983 contains no specific statute
12  of limitations, federal courts apply the forum state's statute of limitations for personal injury
13  actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004);  *Maldonado v. Harris*, 370 F.3d
14  945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Before 2003,
15  California's statute of limitations was one year. *Jones*, 393 F.3d at 927.  Effective January 1,
16  2003, the limitations period was extended to two years.  *Id.* (citing CAL. CIV. PROC. CODE
17  § 335.1).

18  Unlike the length of the limitations period, however, "the  accrual date of a § 1983 cause
19  of action is a question of federal law that is not resolved by reference to state law." *Wallace v.*
20  *Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law
21  governs when a § 1983 cause of action accrues).  "Under the traditional rule of accrual . . . the
22  tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act
23  or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955
24  ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the
25  injury which is the basis of the action.").

26  Here, Plaintiff seeks to hold Defendants Gale, Brooks and Webb-Stuart liable for events
27  which occurred between April of 2006 and March of 2007.  Thus, Plaintiff would have reason
28  to believe that his constitutional rights were violated five to six years ago. *Wallace*, 549 U.S.

1 at 391; *see also Maldonado*, 370 F.3d at 955.  However, Plaintiff did not file his Complaint in

2 this case until May 2, 2012, which exceeds California's statute of limitations.  *See* CAL. CODE

3 CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927. Plaintiff does not allege any facts to suggest how

4 or why California's two-year statute of limitations might be tolled for a period of time which

5 would make his claims timely.  *See, e.g.*, CAL. CODE CIV. PROC. § 352.1 (tolling statute of

6 limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192

7 F.3d 911, 916 (9th Cir. 1999) (finding that Section 352.1 tolls a California prisoner's personal

8 injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever

9 occurs later, unless application of the statute would result in a "manifest injustice").

10        Pursuant to *Fink*, Plaintiff's claims against Defendants, accruing in 2006 and 2007, would

11 be tolled for two years. California's two-year statute of limitations would then begin to run—

12 requiring Plaintiff to file this action against these Defendants no later than April 2011.

13 Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192

14 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988).  Under California

15 law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1)

16 he must have diligently pursued his claim; (2) his situation must be the product of forces beyond

17 his control; and (3) the defendants must not be prejudiced by the application of equitable tolling.

18 *See Addison v. State*, 21 Cal.3d 313, 316-17 (1978); *Hull v. Cent. Pathology Serv. Med. Clinic*,

19 28 Cal. App. 4th 1328, 1335 (3d Dist. 1994); *see also Fink*, 192 F.3d at 916.  Here, however,

20 Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his

21 claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).  Thus, Plaintiff's

22 claims against Defendants Gale, Brooks, and Webb-Stuart must be dismissed pursuant to 28

23 U.S.C. § 1915(e)(2) because it appears from the face of the pleading that Plaintiff's claims are

24 time-barred. *Id.*

25       **B.**    **Eighth Amendment Medical Care Claims**

26        The Court also finds that Plaintiff's Complaint is subject to sua sponte dismissal pursuant

27 to 28 U.S.C. § 1915(e)(2) because it fails to adequately state an Eighth Amendment claim.

28 Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in

1   violation of his Eighth Amendment rights.   Where an inmate's claim is one of inadequate

2   medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence

3   deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

4   Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature

5   of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

6   1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.

7   1997). A medical need is serious "if the failure to treat the prisoner's condition could result in

8   further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting

9   *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a

10   medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By

11   establishing the existence of a serious medical need, an inmate satisfies the objective

12   requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834

13   (1994).

14       In general, deliberate indifference may be shown when prison officials deny, delay, or

15   intentionally interfere with a prescribed course of medical treatment, or it may be shown by the

16   way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838

17   F.2d 390, 393-94 (9th Cir. 1988).

18       Plaintiff alleges that he sought medical attention from all named Defendants for "painful

19   sores in his nose." (Compl. at 4.) As to each Defendant, Plaintiff acknowledges that they

20   examined him and provided him with medication for the issue. (*Id.* at 4-7.) Several years later,

21   it was determined that Plaintiff had a staph infection. (*Id.* at 7-8.) However, a mere difference

22   of opinion between an inmate and prison medical personnel regarding appropriate medical

23   diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v.*

24   *Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

25       Plaintiff acknowledges that he was "misdiagnosed." (Compl. at 8.) Before it can be said

26   that a inmate's civil rights have been abridged with regard to medical care, however, "the

27   indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or

28   'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622

1 | F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*,

2 | 391 F.3d 1051, 1060 (9th Cir. 2004).

3 |     Thus, Plaintiff's Eighth Amendment inadequate medical care claims are dismissed for

4 | failing to state a claim upon which relief can be granted.

5 | **IV.**

6 | **CONCLUSION AND ORDER**

7 |     Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

8 |     1.    Plaintiff's Motion to Appoint Counsel is **DENIED** [ECF No. 3] without prejudice;

9 |     2.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

10 | **GRANTED**.

11 |     3.    The Secretary of California Department of Corrections and Rehabilitation, or his

12 | designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

13 | owed in this case by collecting monthly payments from the account in an amount equal to twenty

14 | percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

15 | each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

16 | ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

17 | ASSIGNED TO THIS ACTION.

18 |     4.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

19 | Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

20 | Sacramento, California 95814.

21 |     **IT IS FURTHER ORDERED** that:

22 |     5.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

23 | §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty-five (45) days leave

24 | from the date this Order is filed in which to file a First Amended Complaint which cures all the

25 | deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself

26 | without reference to the superseded pleading.  *See* S.D. CAL. CIV. L.R. 15.1.  Defendants not

27 | named and all claims not re-alleged in the Amended Complaint will be considered waived.  *See*

28 | *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint

1  fails to state a claim upon which relief may be granted, it may be dismissed without further

2  leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See*

3  *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

4        6.     The Clerk of Court is directed to mail a court approved § 1983 form complaint to

5  Plaintiff.

6

7  DATED:    _06/07/2012_    _____

8                                      HON. ROGER T. BENITEZ

9                                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cv1086 BEN (RBB)